SOLOMON M. CUTLER ET AL., TRADING, ETC., AS BORAK & CUTLER COMPANY, PLAINTIFFS, v. HERMAN ELLIS, DEFENDANT.

Argued November 8, 1922—Decided May 19, 1923.

**Sale of Goods—Plaintiffs Unable to Perform their Part, Which, However, is Capable of Performance, does not Entitle Them to Verdict—Payments on Account of Contract—Charge to Jury—Instructions Given Jury Through Medium of Clerk.**

On plaintiff's rule to show cause why a verdict in favor of the defendant should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Thomas Brown.*

*Contra, Wight, Wight & Golenbock.*

PER CURIAM.

This action was brought by the plaintiffs alleging that the defendant agreed with them to sell and deliver to them ninety-seven barrels of whiskey at a price of $7 per gallon; that plaintiffs paid defendant $5,000 on account and were ready and willing to pay the remainder of the purchase price and to do all things required of them by the contract; that although plaintiffs did everything required of them by the contract, defendant refused to perform his part and retained the $5,000, for which suit was brought.

The trial resulted in a verdict for the defendant, and this is plaintiffs' rule to show cause why the verdict should not be set aside.

The first point is that "by the overwhelming testimony in the case, the trial judge should have charged the jury that if the plaintiffs could not obtain permits, judgment should be found in favor of the plaintiffs for $5,000."

Supreme Court—Cutler v. Ellis.

We do not think that is so. From the evidence it seems to us that by the contract (which was not in writing) the plaintiffs assumed the obligation of getting the proper government permits, and that they did not do. The mere fact that the plaintiffs contracted for the doing by them of a thing that they could not do, but which was not impossible of performance, did not entitle them to a verdict. But another and complete answer to this point is that there was no request to charge the matter which it is now asserted should have been charged.

The second point is that "the trial judge erred by instructing the jury to return a verdict for the plaintiffs for $5,000 or nothing." We think the instruction correct.

The precise complaint seems to be that the judge should have instructed the jury to return a verdict for $5,000 in favor of the plaintiffs, but that clearly the judge could not do under the evidence. We, therefore, think the instruction was one of which the plaintiffs cannot complain.

It is further complained under this head that this instruction was communicated to the jury through the medium of the clerk upon their inquiry as to whether they might find a compromise verdict for the plaintiffs for $2,500.

Of course, the manner in which the instruction was imparted was informal and irregular, but that ought not to result in setting aside the verdict, when, as appears clearly, the lawful rights of the plaintiffs were not prejudiced thereby.

The rule to show cause will be discharged, with costs.